**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Hershula R. Davis, | ) | Civil Action No. 2:20-94-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Equifax, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the Magistrate Judge's report and recommendation ("R & R") that the Court grant Defendant's motion to dismiss. (Dkt. No. 26.)  For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Defendant's motion to dismiss.

I.    **Background**

In October 2019, Plaintiff received a legal notice regarding a class action settlement with Defendant over a data breach that occurred in September of 2017. (Dkt. No. 1-1 at 1-2.)  She subsequently submitted a request for exclusion from the litigation. (*Id*. at 3.)  On November 1, 2019, Plaintiff sent a "Conditional Acceptance Letter" to Defendant's CEO, Mark Begor, with the subject line referencing a "conditional acceptance (CA) – request for proof of claim as to the liability of Equifax, Inc. for the fraudulent breach of the personal data of 148 million Americans including [Plaintiff], the undersigned, as reported on September 8, 2017, by Equifax, Inc." (Dkt. No. 1-1 at 4.)  The Conditional Acceptance Letter outlined twelve "proof[s] of claim" for which Plaintiff sought a response and stated "[a] non-response and or failure to provide Proof of Claim will constitute agreement by you, and that the undersigned can exercise the remedy provided by all applicable laws . . . . Your non-response will equate to commercial acquiescence to the terms outlined by the undersigned in a final Affidavit and Notice of Default." (*Id*. at 5.)

On November 21, 2019, after receiving no response to the Conditional Acceptance Letter, Plaintiff sent Mr. Begor a "Notice of Fault and Opportunity to Cure and Contest Acceptance." (Dkt. No. 1-1 at 7.)  Plaintiff then sent Mr. Begor an "Affidavit and Notice of Default" on December 2, 2019. Plaintiff filed Affidavits certifying the mailing of these communications and the lack of responses thereto. (Dkt. No 1-1 at 6, 8-9, 12-13.)

Plaintiff filed this lawsuit in January 2020, claiming that Defendant is "in default under contract" for its failure to respond to the facts stated in the Conditional Acceptance Letter and Affidavits. (Dkt. No. 1 at 4.)  She seeks $10,000,000 in damages, as well as treble damages in the amount of $30,000,000 and all court costs. (*Id.*)  Defendant has moved to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b)(6).  The Magistrate Judge recommends that Defendant's motion be granted, to which Plaintiff objects. (Dkt. No. 28.)

## II.    Legal Standard

### A.    Review of R & R

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where a petitioner has not objected to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.    Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted."  Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . .  Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.   Pro se* pleadings are afforded a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.    Discussion

Having reviewed the pleading, the briefing, the R & R, and Plaintiff's objection to it, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Plaintiff's complaint should be dismissed for failing to state a claim on which relief can be granted. The complaint does not identify a cause of action, but its allegation that Defendant is in "default under contract" is appropriately and liberally construed to be a claim for breach of contract.  However, the complaint fails to plausibly allege facts sufficient to support this claim. "In order to have a valid and enforceable contract under South Carolina law, there must be a meeting of the minds between the parties with regard to all the essential and material terms of the agreement." *BCD LLC v. BMW Mfg. Co., LLC*, 360 Fed. Appx. 428, 434 (4th Cir. 2010). The complaint does not allege any such meeting of the minds between Plaintiff and Equifax, Inc. needed to establish the existence of a contract. *See, e.g.*, *Yorty v. Equifax, Inc.*, 2020 WL 3050551 (W.D. Mich. June 8, 2020) (dismissing for failure to state a claim); *Williams v. Equifax, Inc.*, 2019 WL 5455557 (S.D. Ohio Oct. 24, 2019) (dismissing for failure to state a claim).  Nor does the face of the complaint, afforded an appropriately liberal construction, sufficiently plead claims for violation of the Fair Credit Reporting Act, violation of the Federal Trade Commission Act or identify theft, as Plaintiff argues it does.

## IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 26) as the order of the Court. Defendant's motion to dismiss the complaint in its entirety (Dkt. No. 18) is **GRANTED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel

Richard Mark Gergel
United States District Judge

October 19, 2020
Charleston, South Carolina